UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JAZLYN COLON, :
:
                             Plaintiff, :       22-CV-433 (JMF)
:
     -v- :
:       MEMORANDUM OPINION
OLD REPUBLIC INSURANCE COMPANY et al., :       AND ORDER
:
                            Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiff Jazlyn Colon was injured as a result of a car accident that occurred while she was riding in an Uber ordered by a non-party. In this case, familiarity with which is presumed, she claims that she was wrongfully denied benefits under a supplemental insurance policy (the "Supplemental Policy") issued by Defendant Old Republic Insurance Company ("Old Republic") to Defendants Raiser-NY, LLC; Uber Technologies, Inc.; and Uber USA, LLC (together, "Uber"). Defendants now move for summary judgment. *See* ECF No. 39.[1]

       Upon review of the parties' papers, the Court grants summary judgment with respect to Colon's second claim, for breach of the implied covenant of good faith and fair dealing. The covenant "embraces a pledge that neither party shall do anything . . . [to injure] the right of the other party to receive the fruits of the contract." *511 West 232nd Owners Corp. v. Jennifer*

---

[1] Defendants style their motion as seeking both dismissal pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See* ECF No. 39. Because (1) Defendants' motion came after the close of discovery, *see* ECF No. 19; (2) the Court set a briefing schedule for summary judgment motion practice, *see* ECF No. 29; and (3) the parties rely on matters outside the pleadings in their briefing, the Court will treat Defendants' motion as one for summary judgment only.

*Realty Co.*, 98 N.Y.2d 144, 153 (2002) (internal quotation marks omitted).  As Defendants correctly note, however, the Uber User Agreement — the contract upon which her second claim relies, *see* ECF No. 8-1 ("Compl."), ¶¶ 94-107 — makes no representation with respect to the insurance coverage maintained by Uber.  ECF No. 41 ("Defs.' Mem."), at 9; *see* ECF No. 40-9 ("User Agmt.").  Indeed, the User Agreement broadly *disclaims* any representations and warranties, explicitly stating that the user "agree[s] that the entire risk arising out of . . . use of the services . . . remains solely with [the user]."  User Agmt. 11 (cleaned up).[2]  Implying an obligation against lowering coverage, as Colon asks the Court to do, would therefore be improper.  *See, e.g.*, *Celauro v. 4C Foods Corp.*, 132 N.Y.S.3d 159, 163 (2d Dep't 2020) ("No obligation may be implied that would be inconsistent with other terms of the contractual relationship."); *1357 Tarrytown Rd. Auto, LLC v. Granite Props., LLC*, 37 N.Y.S.3d 341, 343 (2d Dep't 2016) (refusing to find a breach of the implied covenant where doing so would "necessarily contradict explicit and unambiguous terms of the . . . agreement[] and create additional obligations not contained in [it]").

By contrast, the Court reserves judgment on Defendants' motion with respect to Colon's first claim, for breach of the Supplemental Policy.  Defendants' sole argument is based on their assertion that Colon's Uber driver maintained a primary uninsured/underinsured insurance policy (the "TLC Policy") with limits in excess of those set in the Supplemental Policy, as required by the New York City Taxi & Limousine Commission.  *See* Defs.' Mem. 5-8.  If so, then Defendants are correct in arguing that coverage would be precluded under the Supplemental Policy, as it explicitly provides that, "[i]f there is Uninsured and/or Underinsured Motorists

---

[2]   This citation is to the page number automatically generated by the Court's Electronic Case Filing (ECF) system.

Coverage available to anyone [in the car] which provides at least the Limit of Insurance for Uninsured and/or Underinsured Motorists Coverage [that this policy provides], then this [Supplemental Policy] shall not apply." ECF No. 40-8, at 35;[3] *see also, e.g.*, *Ali v. Fed. Ins. Co.*, 719 F.3d 83, 90 (2d Cir. 2013) ("[The] very nature of excess insurance coverage is such that a predetermined amount of underlying primary coverage must be paid before the excess coverage is activated."); *Weiss v. Tri-State Consumer Ins. Co.*, 951 N.Y.S.2d 191, 194 (2d Dep't 2012) (noting that supplemental insurance "does not function as a stand-alone policy to fully compensate [an] insured[] for [her] injuries"), *abrogated on other grounds by Gov't Emps. Ins. Co. v. Tramontozzi Sherlock*, 32 N.Y.S.3d 635 (2d Dep't 2016). Conspicuously, Colon does not even try to argue otherwise in her opposition brief. *See* ECF No. 46.

Significantly, however, the Court cannot find evidence in the record confirming that Colon's Uber driver was indeed covered by the TLC Policy at the time of the accident, let alone the terms of that policy. The factual assertions in Defendants' memorandum of law on those scores do not suffice. *See* Fed. R. Civ. P. 56(c)(1). Accordingly, pursuant to Rule 56(e), the Court ORDERS Defendants, no later than **May 2, 2023**, to either (1) file a letter pointing the Court to admissible evidence in the record that supports their assertions; or (2) supplement the record (presumably through a declaration with appropriate supporting evidence). Colon shall file any response to Defendants' submission by **May 9, 2023**.

---

[3] This citation is to the page number automatically generated by the Court's Electronic Case Filing (ECF) system. The Court temporarily granted Defendants' motion to seal the Supplemental Policy, filed at ECF No. 36, because it contained confidential business information. *See* ECF No. 38. Because Defendants filed an appropriately redacted version of the Supplemental Policy at ECF No. 40-8, the Court concludes that ECF No. 36 should remain under seal.

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment with respect to Colon's claim for breach of the implied covenant of good faith and fair dealing and RESERVES JUDGMENT as to her claim for breach of contract.

SO ORDERED.

Dated: April 25, 2023
New York, New York

_____
JESSE M. FURMAN
United States District Judge