```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
JAZLYN COLON,                                                    :
                                                                 :
                                Plaintiff,                       :    22-CV-433 (JMF)
                                                                 :
                -v-                                              :
                                                                 :    MEMORANDUM OPINION
OLD REPUBLIC INSURANCE COMPANY et al.,                           :        AND ORDER
                                                                 :
                                Defendants.                      :
                                                                 :
-----------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Jazlyn Colon was injured as a result of a car accident that occurred while she was riding in an Uber ordered by a non-party. In this case, she claims that she was wrongfully denied benefits under a supplemental insurance policy (the "Supplemental Policy") issued by Defendant Old Republic Insurance Company ("Old Republic") to Defendants Raiser-NY, LLC; Uber Technologies, Inc.; and Uber USA, LLC (together, "Uber"). In a prior Memorandum Opinion and Order, familiarity with which is presumed, the Court granted summary judgment to Defendants on one of Colon's claims, but reserved judgment on her claim for breach of the Supplemental Policy. *See Colon v. Old Republic Ins. Co.* (*Colon I*), No. 22-CV-433 (JMF), 2023 WL 3080665, at *1-2 (S.D.N.Y. Apr. 25, 2023) (ECF No. 49). In particular, the Court explained that "Defendants [would be] correct in arguing that coverage would be precluded under the Supplemental Policy" if "Colon's Uber driver maintained a primary uninsured/underinsured insurance policy . . . with limits in excess of those set in the Supplemental Policy," but noted that the record appeared to be silent with respect to whether Colon's Uber driver was indeed covered by such a policy at the time of the accident. *Id.* at *1-2. The Court invited supplemental submissions on the issue. *Id.* at *2. Defendants filed a supplemental declaration. *See* ECF No. 51. Colon filed nothing.

In light of Defendants' supplemental submission, summary judgment must be and is GRANTED as to Colon's remaining claim. As the Court previously observed, the Supplemental Policy explicitly provides that, "[i]f there is Uninsured and/or Underinsured Motorists Coverage available to anyone [in the car] *which provides at least the Limit of Insurance for Uninsured and/or Underinsured Motorists Coverage [that this policy provides]*, then this [Supplemental Policy] shall not apply." ECF No. 40-8, at 35 (emphasis added).[1] Defendants' supplemental declaration confirms that, at the time of the accident, Colon's Uber driver held a primary insurance policy that provided $25,000/$50,000 uninsured motorist coverage — the same limits as the Supplemental Policy. *See* ECF No. 51-1. Per its plain terms, therefore, the Supplemental Policy does "not apply" and Colon is not entitled to benefits. *See also, e.g.*, *Ali v. Fed. Ins. Co.*, 719 F.3d 83, 90 (2d Cir. 2013) ("[T]he very nature of excess insurance coverage is such that a predetermined amount of underlying primary coverage must be paid before the excess coverage is activated." (internal quotation marks omitted)); *Weiss v. Tri-State Consumer Ins. Co.*, 951 N.Y.S.2d 191, 194 (2d Dep't 2012) (noting that supplemental insurance "does not function as a stand-alone policy to fully compensate [an] insured[] for [her] injuries"), *abrogated on other grounds by Gov't Emps. Ins. Co. v. Tramontozzi Sherlock*, 32 N.Y.S.3d 635 (2d Dep't 2016).

The Clerk of Court is directed to enter judgment in favor of Defendants consistent with both this Memorandum Opinion and Order and ECF No. 49 and to close the case.

SO ORDERED.

Dated: May 12, 2023
      New York, New York

                                                JESSE M. FURMAN
                                                United States District Judge

---

[1] This citation is to the page number automatically generated by the Court's Electronic Case Filing (ECF) system.